BARNS, PAUL D., Associate Judge.
To a charge by information against the appellants for the unlawful possession of a narcotic, viz., cannibis (commonly known as marijuana), the defendants entered a plea of not guilty, were found guilty at trial (trial by jury waived) and after being so adjudged, bring this appeal. We affirm.
We adopt appellants’ statement in their brief as follows:
On October 16, 1965, the defendants were in Room 251 of the Carriage House Motor Court in Fort Lauderdale, Florida. City of Fort Lauderdale Police Officers had occupied the adjacent room on October 14, 1965, and on the basis of overhearing conversation about “pot” and “stuff”, and upon examining the contents of trash removed from the room, obtained a search warrant; *243 and on October 16, 1965, executed the search warrant by searching Room 251 and seizing several articles containing narcotics.
At the time of the search, the defendants and four other people were present in the room. The search was led by Detective Burns, who executed the warrant by announcing that he was a policeman, asking the defendant, Feldman, if the room was his, and upon Feldman saying, “it is our room”, gave Feldman a copy of the warrant and read same in the presence of all of the people occupying the room at the time. The search produced two pipes and two plastic vials containing marijuana (canni-bis).
Although the defendants moved to suppress the evidence found by the search on the basis that the search was illegal, the court denied the motion; and the defendants do not rely upon this point in their appeal.
When an officer executes a search warrant, the officer is required to deliver a copy of the warrant to the person named in the warrant or, in his absence, to some person in charge of, or living on the premises searched; and when property is taken he is required to “deliver to such person a written inventory of the property taken and receipt for the same, specifying the same in detail * * *.” F.S.A. § 933.11.
The judicial act complained of on appellants’ first point as stated in their brief . occurred at trial as follows:
After the defendants’ motion to suppress had been denied, the state called Detective Burns as its first witness, and his testimony was:
“Q Detective Burns, your testimony previously has been stipulated to as to the search warrant. Upon entering the premises, what did you find?
“A There was a corncob pipe and a vial of leafy substance which at the time was suspected and since has been verified as marijuana, in a suitcase. I asked Mr. Feldman whose suitcase it was. He advised that it was his suitcase, but both—
“THE COURT: Just a minute.
“MR. GARBER: We object to this until a proper predicate is laid to such conversation and statements.
“THE COURT: Sorry, I didn’t hear you. You said you obj ected ?
“MR. GARBER: I object to any statements until a proper predicate is laid for the admissibility of such statements as to advice of certain rights, et cetera, the fact that such statements could be used against him.
“THE COURT: Overruled.
“BY MRS. WEIR:
“Q Continue.
“A He advised the suitcase belonged to him but the contents belonged to both he and Miss Wood.”
The defendants contend that the initial incriminating statement by Feldman (that he owned the suitcase in which the articles containing marijuana were found) was made prior to the proof of the corpus delicti.
It is not essential that the corpus delicti be established by evidence independent of that which tends to connect the accused with commission of the offense charged; as stated in Cross v. State, 1928, 96 Fla. 768, 119 Sa 380 (Per Justice Strum)’ “The same evidence which tends to prove one may also tend t0 PrOTe the other> f° that the existence of the crime and the guilt of the defendant may stand together and inseparable on one foundation of circumstantial evidence.” Cf. 23 C.J.S. Criminal Law § 916 (1).
*244 After the arrest of the appellants, Feld-man and Wood, by another officer, Police Officer Bailey, while sitting in a car outside of the apartment where the arrest occurred, engaged in a conversation with Wood, which officer testified;
“A Most of my conversation was with Linda Wood in a car outside their apartment after she had been placed under arrest.
“Q And what was the conversation? “MR. GARBER: I object to the question on the grounds that a proper predicate has not been laid for the conversation.
“THE COURT: Overruled.
“Q What was the conversation, Detective Bailey?
“A We were sitting in the car and I was asking her about the marijuana. I ■ asked her if she used it. She said she did and she said she had used marijuana that evening, well, prior to being arrested, that they had been using it, and that she thought pot should be legalized.
“Q Did she state to you whom she was using it with ?
“A Yes.
“Q Who were the people that she identified to you ?
“A Jack Feldman.
“Q Anybody else?
“A No, ma’am.”
There is no showing, nor is it claimed, that the foregoing admissions against interest were not voluntary and free of coercion. The admission of such evidence is not proscribed by Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (6-22-64). The trial in the case sub judice occurred before the rendition of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (6-13-66) which expanded the holding in Escobedo; neither are of retrospective effect. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882.
Affirmed.
WALDEN, C. J., and ANDREWS, J., concur.